Per Curiam.
By the record, it appears that Johnson had been summoned as a garnishee, by Taylor, Reed & Co., as judgment-creditors of Parham Buford. An issue was taken on his answer, and a verdict found against him. Having obtained a new trial, a second verdict was found, and he again moved for a new trial, which the Court granted on terms, to wit; the payment of the costs within ninety days. At the.succeeding term, the defend *99 ants in error moved to dismiss, because the costs bad not been paid, and the Court sustained the motion ; and it is to reverse this judgment that the case comes up ; so that it will be perceived the merits of the controversy are not now involved. For if the judgment was correct, , the case was at an end ; and if it was erroneous, the cause should still stand for a new trial.
The deputy clerk stated, that a few days before fhe expiration of the ninety days, one Wheliss came into the office, and stated that he had the money to pay the costs, but it was at home ; that he could get it if necessary ; upon which the witness remarked to him, that he might consider them paid. A few weeks afterwards, said Wheliss came to arrange the matter of costs for Johnson, and did actually pay them. The clerk stated, that in a few days he was informed by his deputy what had transpired, and from that time he considered the costs as paid, and himself liable ; and that he had always since been ready and willing to pay them when called for, and was so still.
It would be harsh, under these circumstances, to deprive the party of his new trial. The agreement of the clerk, to whom at least a part of the costs were due, must be considered as a waiver. The party, it seems, was not in default. He stated his readiness to pay, but payment was dispensed with by the clerk, and it would be a surprise on him to turn him out of court, because of the nonpayment under such circumstances. But again, the payment of costs cannot be construed as a condition precedent. The order was made in term time, and took effect then, or it did not take effect at all. The costs were to be paid in ninety days. This only imposed on the party a liability for the costs. The grant of a new trial was absolute at the time it was made, and if the party failed to pay the costs, the opposite party was entitled to his legal remedy for them. 5 J. J. Marsh. 242.
Judgment reversed, and cause remanded for trial.